# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    JUDGE

## LETTER OPINION

June 18, 2009

Timothy Donald Barrow
Grist Mill Square
148 Main Street
Building 3
Lebanon, NJ 08833
*(Attorney for Plaintiff Magnum LTL, Inc.)*

Scott H. Bernstein
Hunton & Williams
200 Park Avenue
53rd Floor
New York, NY 10166
*(Attorney for Defendant The CIT Group/Business Credit, Inc.)*

    Re:    <u>Magnum LTL, Inc. v. The CIT Group/Business Credit, Inc. et al.
            Civil Action No. 2:08-CV-05345 (WJM)</u>

Dear Counsel:

    This matter comes before the Court of Plaintiff Magnum LTL, Inc.'s ("Magnum") motion for reconsideration of this Court's April 15, 2009 Letter Opinion and Order granting Defendant The CIT Group/Business Credit, Inc.'s ("CIT") motion to dismiss. The Court did not hold oral argument. Fed. R. Civ. P. 78. For the following reasons, Magnum's motion for reconsideration is **DENIED**.

## BACKGROUND

    Since the facts of this litigation are well-known to the parties, the Court makes only a cursory outline of the factual and procedural history of this case. In 2003,

Magnum entered into an alleged interline partner contract with non-party Jervic Transportation, Inc. ("Jervic"). The agreement provided for the division of revenues for transportation of cargo. (Compl. ¶ 4.) From 2003 through December 2007, Magnum received monies from Jervic under this arrangement. (*Id.* at ¶ 11.) Magnum maintains that it is still owed $67,357.59. (*Id.* at ¶ 12.) In May 2008, Jervic filed for Chapter 11 in the United States Bankruptcy Court for the District of Delaware. (*Id.* at ¶ 5.)

Prior to the bankruptcy, Jervic entered into a secured credit agreement with CIT. (*Id.* at ¶ 13.) Pursuant to the July 2006 agreement, CIT received a security interest in Jervic's accounts receivable and rolling stock. (*Id.* at ¶ 6.) Magnum alleged that based on this credit agreement CIT received, collected, or otherwise transferred monies due under Magnum and Jervic's alleged interline partner contract. (*Id.* at ¶ 13.) Magnum sent CIT a letter on September 16, 2008 demanding that CIT turn over the amount due to Magnum from Jervic. (*Id.* at ¶ 14.) CIT refused to comply and Magnum filed action on October 29, 2008 for $67,357.59, along with post-judgment interest, costs, and reasonable attorneys' fees. (*Id.* at ¶ 23.)

In lieu of answering, CIT filed a motion to dismiss Magnum's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative transferring of venue to the United States Bankruptcy Court District of Delaware under 28 U.S.C. § 1404. On April 15, 2009 the Court granted CIT's motion to dismiss[1] and Plaintiff filed the present motion for reconsideration on April 30, 2009.

## **DISCUSSION**

Under Local Civil Rule 7.1(i), a party moving for reconsideration must present a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *See Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

As stated in the Letter Opinion, the Court lacks federal question jurisdiction pursuant to federal common law. Courts may apply federal common law to matters

---

[1] Due to a clerical error, the Court's Order granting CIT's motion to dismiss incorrectly stated "person jurisdiction" as opposed to "subject matter jurisdiction."

2

involving interline trusts.  *See In re Lehigh & New Eng. R.R. Co.*, 657 F.2d 570, 576 (3d Cir. 1981).  An interline trust may be implied if, in the aggregate, the following factors predominate: (1) there is no provision for payment of interest by the collecting carrier; (2) the collecting carrier does not commingle monies due to the other carrier with its general funds; (3) the carriers agree to apportion payments collected; (4) the amount the collecting carrier owes the other carrier directly relates to and depends upon the overall charge to the customer; (5) the collecting carrier must pay the other carrier only if the customer has paid it; and (6) the collecting carrier must pay the other carrier immediately upon settlement of the account, so that there is no "credit accommodation" for untimely payments.  *In re Penn Central Transportation Co.*, 486 F.2d 519, 524-27 (3d Cir. 1973); *In re Muma Servs., Inc.*, 322 B.R. 541, 556-57 (Bankr. D. Del. 2005).

  In its Complaint, Magnum fails to present evidence that the purported interline trust agreement between Magnum and third party Jervic applies to CIT.  Moreover, Magnum does not establish that the separate security agreement between CIT and Jervic qualifies as an interline trust under the above stated factors.

  Regarding Magnum's other contentions, Magnum fails to meet the standard required for reconsideration.  Magnum does not note a change to controlling law, provide additional evidence, or allege an error of law or fact.  Magnum merely seeks to relitigate previously decided issues.

## CONCLUSION

  For the foregoing reasons, Magnum's motion for reconsideration is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

              s/William J. Martini
              **William J. Martini, U.S.D.J.**